Image ID:
D00980236D01

# SUMMONS

Doc. No. 980236

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam-Clerk of District Court
1717 Harney-Separate Juvenile Court
Omaha NE 68183

Joseph Finocchiaro v. Burger Detour, LLC

Case ID: CI 25 4962

TO: Chad McMahon

You have been sued by the following plaintiff(s):

Joseph Finocchiaro

Plaintiff's Attorney: Kristopher J Covi
Address: 9500 West Dodge Road, Suite 100
Omaha, NE 68114

Telephone: (402) 934-4770

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Nebraska Supreme Court Rule 2-208 requires individuals involved in a case who are not attorneys and representing themselves to provide their email address to the court in order to receive notice by email from the court about the case. Complete and return the attached form to the court if representing yourself. This document is not the same as a response to the lawsuit which must be filed as a separate document.

Date: JUNE 17, 2025 BY THE COURT: Crystal Rhoades
Clerk

FOURTH DISTRICT COURT ★ DOUGLAS COUNTY, NEBRASKA ★

**EXHIBIT A**

Image ID: D00980236D01

# SUMMONS

Doc. No. 980236

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

Chad McMahon
2021 South 189th Circle
Omaha, NE 68130

BY: Foreign Officer
Method of service: Personal Service
Special Instructions:
To be served by Douglas County Sheriff

You are directed to make such service within twenty days after date of issue, and show proof of service as provided by law.

# REGISTRATION OF EMAIL ADDRESS FOR SELF REPRESENTED LITIGANT

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam-Clerk of District Court
1717 Harney-Separate Juvenile Court
Omaha NE 68183

Case ID: D 1 CI 25 4962

Joseph Finocchiaro v. Burger Detour, LLC

I am currently representing myself in the court case above.

I am not registered with the court-authorized service provider.

I must register my email address with the court before I have filed any documents in this case, or within 10 days after I received a notice from the court. This is required by Neb. Ct. R. § 2-208(C)(1).

If I do not have the ability to receive emails, I must use this form to tell the court why I cannot get email service.

☐ My email address where I will receive notices from the court for this case is:

________________________________________

I understand that emailing documents to this email address is considered to meet legal notice requirements.

I am responsible to notify the court if I change my email address or other contact information by completing the Change of Contact Information form (DC 3:02). Neb. Ct. R. §§ 2-208(E).

☐ I do not have the ability to receive emails. The reason I cannot receive email is:

________________________________________

________________________________________

________________________________________

| | |
|---|---|
| Signature | Date |
| Name | Street Address/P.O. Box |
| Phone | City/State/ZIP Code |

## SERVICE RETURN

Doc. No. 980236

Douglas District Court
1701 Farnam-Clerk of District Court
1717 Harney-Separate Juvenile Court
Omaha NE 68183

To: Foreign Officer
Case ID: CI 25 4962 Joseph Finocchiaro v. Burger Detour, LLC

Received this Summons on ______________________, ________. I hereby certify that on

______________________, ________ at ________ o'clock __M. I served copies of the Summons upon the party:

______________________________________________________________

by ____________________________________________________________

______________________________________________________________

______________________________________________________________

as required by Nebraska state law.

Service and return $ __________

Copy __________

Mileage ____miles __________

TOTAL $ __________

Date: ______________________ BY: ______________________________
(Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: ______________________________________________

At the following address: ______________________________________

______________________________________________________________

______________________________________________________________

on the ________ day of ______________________ ________, as required by Nebraska state law.

______________________________

Postage $ __________ Attorney for: ______________________________

The return receipt for mailing to the party was signed on ______________, ________.

To: Chad McMahon
2021 South 189th Circle

Omaha, NE 68130

From: Kristopher J Covi
9500 West Dodge Road, Suite 100
Omaha, NE 68114

**EXHIBIT A**

**ATTACH RETURN RECEIPT & RETURN TO COURT**

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI250004962
Transaction ID: 0023396411
Filing Date: 06/11/2025 04:06:15 PM CDT

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | |
|---|---|
| JOSEPH FINOCCHIARO,<br><br>Plaintiff,<br><br>v.<br><br>BURGER DETOUR, LLC, NUMBER FOUR, LLC, and CHAD MCMAHON,<br><br>Defendants. | Case No. CI 25 - _____<br><br>**COMPLAINT** |

COMES NOW Plaintiff Joseph Finocchiaro ("Finocchiaro") and for his claims and causes of actions against Defendants hereby states as follows:

**PARTIES**

1. Plaintiff Joseph Finocchiaro is a resident of Douglas County, Nebraska.

2. Defendant Burger Detour, LLC ("Burger Detour"), is a Nebraska limited liability corporation with its principal place of business in Omaha, Nebraska.

3. Defendant Number Four, LLC ("Number Four") is a Nebraska limited liability company with its principal place of business in Douglas County, Nebraska.

4. Defendant Chad McMahon is a resident of Douglas County, Nebraska.

**JURISDICTION**

5. Jurisdiction is proper in this Court pursuant to Neb. Rev. Stat. §§ 24-302 and 25-536.

6. Venue is proper in this Court pursuant to Neb. Rev. Stat. § 25-403.01 because Douglas County is the county where the causes of action arose.

## BACKGROUND

7. Defendant Burger Detour owns and operates the Burger Detour fast food restaurants in Omaha.

8. On information and belief, Chad McMahon owns 60% of the membership interest in Burger Detour, LLC.

9. Finocchiaro owns 40% of the membership interest in Burger Detour.

10. Based on representations made by McMahon, Burger Detour owns 100% of the membership interest in Number Four.

11. Finocchiaro has contributed more than $5,500,000 to Burger Detour, both directly and indirectly through Chad McMahon personally since 2022.

12. Finocchiaro has not received any distributions or payments from Burger Detour.

### NUMBER FOUR, LLC

13. Upon information and belief, Number Four owns three parcels of real property and improvements located at:

a. 1221 South 204th Street

b. 12104 Anne Street

c. 18308 Evans Street

14. Finocchiaro has made payments directly to Number Four in an amount exceeding $1,600,000 upon the assurance by McMahon that it would be used to purchase land and improvements for the operation of the Burger Detour stores.

15. In making these payments, McMahon represented to Finocchiaro that he was a 40% owner of Number Four because it was owned by Burger Detour.

16. Finocchiaro recently learned that Number Four has listed the real property listed in paragraph 11 above.

17. Finocchiaro has not consented to the sale of any of these parcels of real property.

**BURGER DETOUR, LLC**

18. Finocchiaro has paid over $5,500,000 in contributions to Burger Detour, LLC.

19. McMahon operates Burger Detour and has not provided any information to Finocchiaro regarding how much McMahon has contributed to Burger Detour.

20. Finocchiaro has made demand for the Operating Agreement, corporate documents, and other books and records.

21. McMahon has refused to provide these books and records.

22. McMahon has not provided K-1s to Finocchiaro for 2022, 2023, or 2024.

23. McMahon has taken distributions in excess of $1,500,000 from Burger Detour and has not made any corresponding distributions to Finocchiaro.

**FIRST CAUSE OF ACTION - ACCOUNTING**

24. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

25. Plaintiff has requested book, records, and other documents to which he is entitled as a member of Burger Detour.

26. McMahon has refused to provide the requested books and records.

27. As a member of Burger Detour, Finocchiaro is entitled to an accounting.

WHEREFORE, Finocchiaro prays that the Court enter a judgment against Defendants and order a full accounting of all books and records, including complete and accurate corporate governing documents, resolutions, and minute books, and attorneys' fees as allowed by law.

**SECOND CAUSE OF ACTION - FRAUD**

28. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

29. Defendant McMahon made representations to Finocchiaro through various texts that Finocchiaro needed to make more capital contributions or Burger Detour would not be able to stay solvent.

30. Defendant McMahon made representations that Finochiarro needed to make more capital contributions to pay down debt on the land.

31. Defendant McMahon made representations that Finocchiaro was a 40% owner in Number Four, LLC because it was owned by Burger Detour and Finocchiaro was a 40% owner of Burger Detour.

32. The representations made above by McMahon were knowingly false.

33. The representations made above by McMahon were made with the intent that Finocchiaro would rely on them.

34. Finocchiaro did, in fact, rely on the false representations made by McMahon when he paid funds to Burger Detour, Number Four, and McMahon.

35. Finocchiaro has been damaged as a result of the fraudulent conduct of McMahon.

WHEREFORE, Finocchiaro prays that the Court enter a judgment against Defendants in an amount to be proven and trial but in excess of $7,000,000 plus pre-judgment interest, attorneys' fees as allowed by law, post-judgment interest, and costs of this action.

**THIRD CAUSE OF ACTION**

**15 U.S.C. § 77 and Section 10(b) of the Securities Exchange Act of 1934**

36. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

37. Defendants' conduct set forth herein violates the Securities Act of 1933, 15 U.S.C. § 77, and Section 10(b) of the Securities Act of 1934.

Finocchiaro seeks damages, attorney fees, and statutory interest under these authorities.

38. Defendants offered securities for sale by means of untrue statements of material fact and omissions of material facts such that the representations to Finocchiaro were misleading and Finocchiaro was not aware of these material facts and in the exercise of reasonable care could not have known the truth.

WHEREFORE, Plaintiff prays that an award be entered jointly and severally against Defendants in an amount to be proven at trial, plus pre-judgment interest, attorneys' fees as allowed by law, post-judgment interest, and costs of this action.

**FOURTH CAUSE OF ACTION**

**NEBRASKA SECURITIES ACT**

39. Plaintiff incorporates the foregoing paragraphs if fully set forth herein.

40. Defendants' conduct as set forth herein violates Neb. Rev. Stat. §§ 8-1102 *et seq*.

41. Defendants offered securities for sale by means of untrue statements of material fact and omissions of material facts such that the representations to Finocchiaro were misleading and Finocchiaro was not aware of these material facts and in the exercise of reasonable care could not have known the truth.

WHEREFORE, Plaintiff prays that an award be entered jointly and severally against Defendants in an amount to be proven at trial plus pre-judgment interest, attorneys' fees as allowed by law, post-judgment interest, and costs of this action.

**FIFTH CAUSE OF ACTION - DECLARATORY JUDGMENT**

42. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

43. McMahon has made representations that Finocchiaro has a 40% interest in Number Four (either through a direct membership interest or through his ownership of Burger Detour, LLC).

44. In reliance on these representations Finocchiaro has paid money to McMahon, Burger Detour, and Number Four directly.

45. Plaintiff seeks a declaratory judgment declaring that he is a 40% owner of Number Four, LLC and entitled to all rights and distributions owed to him as a member.

WHEREFORE, for the reasons set forth above, Plaintiff requests that the Court enter an Order declaring the rights and interests of the parties in Burger Detour, LLC and Number Four, LLC, plus pre-judgment interest, post-judgment interest, attorneys' fees as allowed by law, and the costs of this action.

**SIXTH CAUSE OF ACTION**

**CONVERSION**

46. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

47. Plaintiff has paid over $2,000,000 in cash to McMahon personally for the purported operation of the Burger Detour stores.

48. To date, McMahon has not provided any evidence that this money was used for operation of the Burger Detour stores.

49. McMahon has and continues to retain possession of these funds to the detriment of Plaintiff.

WHEREFORE, for the reasons set forth above, Plaintiff requests that the Court enter an Order of judgment against Chad McMahon in favor of Plaintiff in an amount to be proven at trial, plus pre-judgment interest, post-judgment interest, attorneys' fees as allowed by law, and the costs of this action.

Dated this 11th day of June, 2025.

JOSEPH FINOCCHIARO, Plaintiff,

By: */s/ Kristopher J. Covi*

Kristopher J. Covi, #21462
Jonathan R. Tilden, #28227
Dvorak Law Group, LLC
9500 W. Dodge Rd., Ste. 100
Omaha, NE 68114
402-934-4770
402-933-9630 (facsimile)
kcovi@ddlawgroup.com
jtilden@ddlawgroup.com

Attorneys for Plaintiff.

Image ID:
D00980239D01

# SUMMONS

Doc. No. 980239

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam-Clerk of District Court
1717 Harney-Separate Juvenile Court
Omaha NE 68183

Joseph Finocchiaro v. Burger Detour, LLC

Case ID: CI 25 4962

TO: Burger Detour, LLC

You have been sued by the following plaintiff(s):

Joseph Finocchiaro

Plaintiff's Attorney: Kristopher J Covi
Address: 9500 West Dodge Road, Suite 100
Omaha, NE 68114

Telephone: (402) 934-4770

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Nebraska Supreme Court Rule 2-208 requires individuals involved in a case who are not attorneys and representing themselves to provide their email address to the court in order to receive notice by email from the court about the case. Complete and return the attached form to the court if representing yourself. This document is not the same as a response to the lawsuit which must be filed as a separate document.

Date: JUNE 17, 2025 BY THE COURT: [signature]
Clerk

FOURTH DISTRICT COURT ★ DOUGLAS COUNTY, NEBRASKA ★

Image ID:
D00980239D01

**SUMMONS**

Doc. No. 980239

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

Burger Detour, LLC
First National Tower #3700
1601 Dodge St
Omaha, NE 68102

Method of service: Certified Mail
Special Instructions:
McGrath North Mullin & Kratz, PC LLO
c/o Tom Worthington, Registered Agent

You are directed to make such service within ten days after the date of issue, and file with the court clerk proof of service within ten days after the signed receipt is received or is available electronically, whichever occurs first.

# REGISTRATION OF EMAIL ADDRESS FOR SELF REPRESENTED LITIGANT

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam-Clerk of District Court
1717 Harney-Separate Juvenile Court
Omaha NE 68183

Case ID: D 1 CI 25 4962

Joseph Finocchiaro v. Burger Detour, LLC

I am currently representing myself in the court case above.

I am not registered with the court-authorized service provider.

I must register my email address with the court before I have filed any documents in this case, or within 10 days after I received a notice from the court. This is required by Neb. Ct. R. § 2-208(C)(1).

If I do not have the ability to receive emails, I must use this form to tell the court why I cannot get email service.

☐ My email address where I will receive notices from the court for this case is:

______________________________

I understand that emailing documents to this email address is considered to meet legal notice requirements.

I am responsible to notify the court if I change my email address or other contact information by completing the Change of Contact Information form (DC 3:02). Neb. Ct. R. §§ 2-208(E).

☐ I do not have the ability to receive emails. The reason I cannot receive email is:

______________________________

______________________________

______________________________

| | |
|---|---|
| Signature | Date |
| Name | Street Address/P.O. Box |
| Phone | City/State/ZIP Code |

## SERVICE RETURN

Doc. No. 980239

Douglas District Court
1701 Farnam-Clerk of District Court
1717 Harney-Separate Juvenile Court
Omaha NE 68183

To:
Case ID: CI 25 4962 Joseph Finocchiaro v. Burger Detour, LLC

Received this Summons on ______________________, ________. I hereby certify that on

______________________, _______ at _______ o'clock __M. I served copies of the Summons upon the party:

____________________________________________________________

by ____________________________________________________________

____________________________________________________________

____________________________________________________________

as required by Nebraska state law.

Service and return $ __________

Copy __________

Mileage ____miles __________

TOTAL $ __________

Date: ____________________________ BY: ____________________________
(Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: ____________________________________________________________

At the following address: ____________________________________________________________

____________________________________________________________

____________________________________________________________

on the ________ day of ____________________ ________, as required by Nebraska state law.

____________________________

Postage $ __________ Attorney for: ____________________________

The return receipt for mailing to the party was signed on ________________, ________.

To: Burger Detour, LLC
First National Tower #3700
1601 Dodge St
Omaha, NE 68102

From: Kristopher J Covi
9500 West Dodge Road, Suite 100
Omaha, NE 68114

**ATTACH RETURN RECEIPT & RETURN TO COURT**

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI250004962
Transaction ID: 0023396411
Filing Date: 06/11/2025 04:06:15 PM CDT

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | |
|---|---|
| JOSEPH FINOCCHIARO,<br><br>Plaintiff,<br><br>v.<br><br>BURGER DETOUR, LLC, NUMBER FOUR, LLC, and CHAD MCMAHON,<br><br>Defendants. | Case No. CI 25 - _____<br><br>**COMPLAINT** |

COMES NOW Plaintiff Joseph Finocchiaro ("Finocchiaro") and for his claims and causes of actions against Defendants hereby states as follows:

**PARTIES**

1. Plaintiff Joseph Finocchiaro is a resident of Douglas County, Nebraska.

2. Defendant Burger Detour, LLC ("Burger Detour"), is a Nebraska limited liability corporation with its principal place of business in Omaha, Nebraska.

3. Defendant Number Four, LLC ("Number Four") is a Nebraska limited liability company with its principal place of business in Douglas County, Nebraska.

4. Defendant Chad McMahon is a resident of Douglas County, Nebraska.

**JURISDICTION**

5. Jurisdiction is proper in this Court pursuant to Neb. Rev. Stat. §§ 24-302 and 25-536.

6. Venue is proper in this Court pursuant to Neb. Rev. Stat. § 25-403.01 because Douglas County is the county where the causes of action arose.

## BACKGROUND

7. Defendant Burger Detour owns and operates the Burger Detour fast food restaurants in Omaha.

8. On information and belief, Chad McMahon owns 60% of the membership interest in Burger Detour, LLC.

9. Finocchiaro owns 40% of the membership interest in Burger Detour.

10. Based on representations made by McMahon, Burger Detour owns 100% of the membership interest in Number Four.

11. Finocchiaro has contributed more than $5,500,000 to Burger Detour, both directly and indirectly through Chad McMahon personally since 2022.

12. Finocchiaro has not received any distributions or payments from Burger Detour.

**NUMBER FOUR, LLC**

13. Upon information and belief, Number Four owns three parcels of real property and improvements located at:

a. 1221 South 204th Street

b. 12104 Anne Street

c. 18308 Evans Street

14. Finocchiaro has made payments directly to Number Four in an amount exceeding $1,600,000 upon the assurance by McMahon that it would be used to purchase land and improvements for the operation of the Burger Detour stores.

15. In making these payments, McMahon represented to Finocchiaro that he was a 40% owner of Number Four because it was owned by Burger Detour.

16. Finocchiaro recently learned that Number Four has listed the real property listed in paragraph 11 above.

17. Finocchiaro has not consented to the sale of any of these parcels of real property.

**BURGER DETOUR, LLC**

18. Finocchiaro has paid over $5,500,000 in contributions to Burger Detour, LLC.

19. McMahon operates Burger Detour and has not provided any information to Finocchiaro regarding how much McMahon has contributed to Burger Detour.

20. Finocchiaro has made demand for the Operating Agreement, corporate documents, and other books and records.

21. McMahon has refused to provide these books and records.

22. McMahon has not provided K-1s to Finocchiaro for 2022, 2023, or 2024.

23. McMahon has taken distributions in excess of $1,500,000 from Burger Detour and has not made any corresponding distributions to Finocchiaro.

**FIRST CAUSE OF ACTION - ACCOUNTING**

24. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

25. Plaintiff has requested book, records, and other documents to which he is entitled as a member of Burger Detour.

26. McMahon has refused to provide the requested books and records.

27. As a member of Burger Detour, Finocchiaro is entitled to an accounting.

WHEREFORE, Finocchiaro prays that the Court enter a judgment against Defendants and order a full accounting of all books and records, including complete and accurate corporate governing documents, resolutions, and minute books, and attorneys' fees as allowed by law.

**SECOND CAUSE OF ACTION - FRAUD**

28. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

29. Defendant McMahon made representations to Finocchiaro through various texts that Finocchiaro needed to make more capital contributions or Burger Detour would not be able to stay solvent.

30. Defendant McMahon made representations that Finochiarro needed to make more capital contributions to pay down debt on the land.

31. Defendant McMahon made representations that Finocchiaro was a 40% owner in Number Four, LLC because it was owned by Burger Detour and Finocchiaro was a 40% owner of Burger Detour.

32. The representations made above by McMahon were knowingly false.

33. The representations made above by McMahon were made with the intent that Finocchiaro would rely on them.

34. Finocchiaro did, in fact, rely on the false representations made by McMahon when he paid funds to Burger Detour, Number Four, and McMahon.

35. Finocchiaro has been damaged as a result of the fraudulent conduct of McMahon.

WHEREFORE, Finocchiaro prays that the Court enter a judgment against Defendants in an amount to be proven and trial but in excess of $7,000,000 plus pre-judgment interest, attorneys' fees as allowed by law, post-judgment interest, and costs of this action.

**THIRD CAUSE OF ACTION**

**15 U.S.C. § 77 and Section 10(b) of the Securities Exchange Act of 1934**

36. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

37. Defendants' conduct set forth herein violates the Securities Act of 1933, 15 U.S.C. § 77, and Section 10(b) of the Securities Act of 1934.

Finocchiaro seeks damages, attorney fees, and statutory interest under these authorities.

38. Defendants offered securities for sale by means of untrue statements of material fact and omissions of material facts such that the representations to Finocchiaro were misleading and Finocchiaro was not aware of these material facts and in the exercise of reasonable care could not have known the truth.

WHEREFORE, Plaintiff prays that an award be entered jointly and severally against Defendants in an amount to be proven at trial, plus pre-judgment interest, attorneys' fees as allowed by law, post-judgment interest, and costs of this action.

**FOURTH CAUSE OF ACTION**

**NEBRASKA SECURITIES ACT**

39. Plaintiff incorporates the foregoing paragraphs if fully set forth herein.

40. Defendants' conduct as set forth herein violates Neb. Rev. Stat. §§ 8-1102 *et seq.*

41. Defendants offered securities for sale by means of untrue statements of material fact and omissions of material facts such that the representations to Finocchiaro were misleading and Finocchiaro was not aware of these material facts and in the exercise of reasonable care could not have known the truth.

WHEREFORE, Plaintiff prays that an award be entered jointly and severally against Defendants in an amount to be proven at trial plus pre-judgment interest, attorneys' fees as allowed by law, post-judgment interest, and costs of this action.

**FIFTH CAUSE OF ACTION - DECLARATORY JUDGMENT**

42. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

43. McMahon has made representations that Finocchiaro has a 40% interest in Number Four (either through a direct membership interest or through his ownership of Burger Detour, LLC).

44. In reliance on these representations Finocchiaro has paid money to McMahon, Burger Detour, and Number Four directly.

45. Plaintiff seeks a declaratory judgment declaring that he is a 40% owner of Number Four, LLC and entitled to all rights and distributions owed to him as a member.

WHEREFORE, for the reasons set forth above, Plaintiff requests that the Court enter an Order declaring the rights and interests of the parties in Burger Detour, LLC and Number Four, LLC, plus pre-judgment interest, post-judgment interest, attorneys' fees as allowed by law, and the costs of this action.

**SIXTH CAUSE OF ACTION**

**CONVERSION**

46. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

47. Plaintiff has paid over $2,000,000 in cash to McMahon personally for the purported operation of the Burger Detour stores.

48. To date, McMahon has not provided any evidence that this money was used for operation of the Burger Detour stores.

49. McMahon has and continues to retain possession of these funds to the detriment of Plaintiff.

WHEREFORE, for the reasons set forth above, Plaintiff requests that the Court enter an Order of judgment against Chad McMahon in favor of Plaintiff in an amount to be proven at trial, plus pre-judgment interest, post-judgment interest, attorneys' fees as allowed by law, and the costs of this action.

Dated this 11th day of June, 2025.

JOSEPH FINOCCHIARO, Plaintiff,

By: /s/ Kristopher J. Covi

Kristopher J. Covi, #21462
Jonathan R. Tilden, #28227
Dvorak Law Group, LLC
9500 W. Dodge Rd., Ste. 100
Omaha, NE 68114
402-934-4770
402-933-9630 (facsimile)
kcovi@ddlawgroup.com
jtilden@ddlawgroup.com

Attorneys for Plaintiff.

Image ID:
D00980240D01

# SUMMONS

Doc. No. 980240

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam-Clerk of District Court
1717 Harney-Separate Juvenile Court
Omaha NE 68183

Joseph Finocchiaro v. Burger Detour, LLC

Case ID: CI 25 4962

TO: Number Four, LLC

You have been sued by the following plaintiff(s):

Joseph Finocchiaro

Plaintiff's Attorney: Kristopher J Covi
Address: 9500 West Dodge Road, Suite 100
Omaha, NE 68114

Telephone: (402) 934-4770

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Nebraska Supreme Court Rule 2-208 requires individuals involved in a case who are not attorneys and representing themselves to provide their email address to the court in order to receive notice by email from the court about the case. Complete and return the attached form to the court if representing yourself. This document is not the same as a response to the lawsuit which must be filed as a separate document.

Date: JUNE 17, 2025 BY THE COURT: [signature]
Clerk

FOURTH DISTRICT COURT ★ DOUGLAS COUNTY, NEBRASKA ★

Image ID:
D00980240D01

**SUMMONS**

Doc. No. 980240

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

Number Four, LLC
First National Tower #3700
1601 Dodge St
Omaha, NE 68102

Method of service: Certified Mail
Special Instructions:
McGrath North Mullin & Kratz, PC LLO
c/o Tom Worthington, Registered Agent

You are directed to make such service within ten days after the date of issue, and file with the court clerk proof of service within ten days after the signed receipt is received or is available electronically, whichever occurs first.

# REGISTRATION OF EMAIL ADDRESS FOR SELF REPRESENTED LITIGANT

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam-Clerk of District Court
1717 Harney-Separate Juvenile Court
Omaha NE 68183

Case ID: D 1 CI 25 4962

Joseph Finocchiaro v. Burger Detour, LLC

I am currently representing myself in the court case above.

I am not registered with the court-authorized service provider.

I must register my email address with the court before I have filed any documents in this case, or within 10 days after I received a notice from the court. This is required by Neb. Ct. R. § 2-208(C)(1).

If I do not have the ability to receive emails, I must use this form to tell the court why I cannot get email service.

☐ My email address where I will receive notices from the court for this case is:

______________________________________________

I understand that emailing documents to this email address is considered to meet legal notice requirements.

I am responsible to notify the court if I change my email address or other contact information by completing the <u>Change of Contact Information form (DC 3:02). Neb. Ct. R. §§ 2-208(E)</u>.

☐ I do not have the ability to receive emails. The reason I cannot receive email is:

______________________________________________

______________________________________________

______________________________________________

| | |
|---|---|
| Signature | Date |
| Name | Street Address/P.O. Box |
| Phone | City/State/ZIP Code |

## SERVICE RETURN

Doc. No. 980240

Douglas District Court
1701 Farnam-Clerk of District Court
1717 Harney-Separate Juvenile Court
Omaha NE 68183

To:
Case ID: CI 25 4962 Joseph Finocchiaro v. Burger Detour, LLC

Received this Summons on ______________________, ________. I hereby certify that on

______________________, ________ at ________ o'clock __M. I served copies of the Summons upon the party:

______________________________________________________________

by ____________________________________________________________

______________________________________________________________

______________________________________________________________

as required by Nebraska state law.

Service and return $ __________

Copy __________

Mileage ____miles __________

TOTAL $ __________

Date: ______________________ BY: ______________________________
(Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: ______________________________________________

At the following address: ______________________________________

______________________________________________________________

______________________________________________________________

on the ________ day of ____________________ ________, as required by Nebraska state law.

______________________________

Postage $ __________ Attorney for: ______________________________

The return receipt for mailing to the party was signed on ______________, ________.

To: Number Four, LLC
First National Tower #3700
1601 Dodge St
Omaha, NE 68102

From: Kristopher J Covi
9500 West Dodge Road, Suite 100
Omaha, NE 68114

**ATTACH RETURN RECEIPT & RETURN TO COURT**

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI250004962
Transaction ID: 0023396411
Filing Date: 06/11/2025 04:06:15 PM CDT

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | |
|---|---|
| JOSEPH FINOCCHIARO,<br><br>Plaintiff,<br><br>v.<br><br>BURGER DETOUR, LLC, NUMBER FOUR, LLC, and CHAD MCMAHON,<br><br>Defendants. | Case No. CI 25 - _____<br><br>**COMPLAINT** |

COMES NOW Plaintiff Joseph Finocchiaro ("Finocchiaro") and for his claims and causes of actions against Defendants hereby states as follows:

**PARTIES**

1. Plaintiff Joseph Finocchiaro is a resident of Douglas County, Nebraska.

2. Defendant Burger Detour, LLC ("Burger Detour"), is a Nebraska limited liability corporation with its principal place of business in Omaha, Nebraska.

3. Defendant Number Four, LLC ("Number Four") is a Nebraska limited liability company with its principal place of business in Douglas County, Nebraska.

4. Defendant Chad McMahon is a resident of Douglas County, Nebraska.

**JURISDICTION**

5. Jurisdiction is proper in this Court pursuant to Neb. Rev. Stat. §§ 24-302 and 25-536.

6. Venue is proper in this Court pursuant to Neb. Rev. Stat. § 25-403.01 because Douglas County is the county where the causes of action arose.

## BACKGROUND

7. Defendant Burger Detour owns and operates the Burger Detour fast food restaurants in Omaha.

8. On information and belief, Chad McMahon owns 60% of the membership interest in Burger Detour, LLC.

9. Finocchiaro owns 40% of the membership interest in Burger Detour.

10. Based on representations made by McMahon, Burger Detour owns 100% of the membership interest in Number Four.

11. Finocchiaro has contributed more than $5,500,000 to Burger Detour, both directly and indirectly through Chad McMahon personally since 2022.

12. Finocchiaro has not received any distributions or payments from Burger Detour.

**NUMBER FOUR, LLC**

13. Upon information and belief, Number Four owns three parcels of real property and improvements located at:

a. 1221 South 204th Street

b. 12104 Anne Street

c. 18308 Evans Street

14. Finocchiaro has made payments directly to Number Four in an amount exceeding $1,600,000 upon the assurance by McMahon that it would be used to purchase land and improvements for the operation of the Burger Detour stores.

15. In making these payments, McMahon represented to Finocchiaro that he was a 40% owner of Number Four because it was owned by Burger Detour.

16. Finocchiaro recently learned that Number Four has listed the real property listed in paragraph 11 above.

17. Finocchiaro has not consented to the sale of any of these parcels of real property.

**BURGER DETOUR, LLC**

18. Finocchiaro has paid over $5,500,000 in contributions to Burger Detour, LLC.

19. McMahon operates Burger Detour and has not provided any information to Finocchiaro regarding how much McMahon has contributed to Burger Detour.

20. Finocchiaro has made demand for the Operating Agreement, corporate documents, and other books and records.

21. McMahon has refused to provide these books and records.

22. McMahon has not provided K-1s to Finocchiaro for 2022, 2023, or 2024.

23. McMahon has taken distributions in excess of $1,500,000 from Burger Detour and has not made any corresponding distributions to Finocchiaro.

**FIRST CAUSE OF ACTION - ACCOUNTING**

24. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

25. Plaintiff has requested book, records, and other documents to which he is entitled as a member of Burger Detour.

26. McMahon has refused to provide the requested books and records.

27. As a member of Burger Detour, Finocchiaro is entitled to an accounting.

WHEREFORE, Finocchiaro prays that the Court enter a judgment against Defendants and order a full accounting of all books and records, including complete and accurate corporate governing documents, resolutions, and minute books, and attorneys' fees as allowed by law.

**SECOND CAUSE OF ACTION - FRAUD**

28. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

29. Defendant McMahon made representations to Finocchiaro through various texts that Finocchiaro needed to make more capital contributions or Burger Detour would not be able to stay solvent.

30. Defendant McMahon made representations that Finochiarro needed to make more capital contributions to pay down debt on the land.

31. Defendant McMahon made representations that Finocchiaro was a 40% owner in Number Four, LLC because it was owned by Burger Detour and Finocchiaro was a 40% owner of Burger Detour.

32. The representations made above by McMahon were knowingly false.

33. The representations made above by McMahon were made with the intent that Finocchiaro would rely on them.

34. Finocchiaro did, in fact, rely on the false representations made by McMahon when he paid funds to Burger Detour, Number Four, and McMahon.

35. Finocchiaro has been damaged as a result of the fraudulent conduct of McMahon.

WHEREFORE, Finocchiaro prays that the Court enter a judgment against Defendants in an amount to be proven and trial but in excess of $7,000,000 plus pre-judgment interest, attorneys' fees as allowed by law, post-judgment interest, and costs of this action.

**THIRD CAUSE OF ACTION**

**15 U.S.C. § 77 and Section 10(b) of the Securities Exchange Act of 1934**

36. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

37. Defendants' conduct set forth herein violates the Securities Act of 1933, 15 U.S.C. § 77, and Section 10(b) of the Securities Act of 1934.

Finocchiaro seeks damages, attorney fees, and statutory interest under these authorities.

38. Defendants offered securities for sale by means of untrue statements of material fact and omissions of material facts such that the representations to Finocchiaro were misleading and Finocchiaro was not aware of these material facts and in the exercise of reasonable care could not have known the truth.

WHEREFORE, Plaintiff prays that an award be entered jointly and severally against Defendants in an amount to be proven at trial, plus pre-judgment interest, attorneys' fees as allowed by law, post-judgment interest, and costs of this action.

**FOURTH CAUSE OF ACTION**

**NEBRASKA SECURITIES ACT**

39. Plaintiff incorporates the foregoing paragraphs if fully set forth herein.

40. Defendants' conduct as set forth herein violates Neb. Rev. Stat. §§ 8-1102 *et seq.*

41. Defendants offered securities for sale by means of untrue statements of material fact and omissions of material facts such that the representations to Finocchiaro were misleading and Finocchiaro was not aware of these material facts and in the exercise of reasonable care could not have known the truth.

WHEREFORE, Plaintiff prays that an award be entered jointly and severally against Defendants in an amount to be proven at trial plus pre-judgment interest, attorneys' fees as allowed by law, post-judgment interest, and costs of this action.

**FIFTH CAUSE OF ACTION - DECLARATORY JUDGMENT**

42. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

43. McMahon has made representations that Finocchiaro has a 40% interest in Number Four (either through a direct membership interest or through his ownership of Burger Detour, LLC).

44. In reliance on these representations Finocchiaro has paid money to McMahon, Burger Detour, and Number Four directly.

45. Plaintiff seeks a declaratory judgment declaring that he is a 40% owner of Number Four, LLC and entitled to all rights and distributions owed to him as a member.

WHEREFORE, for the reasons set forth above, Plaintiff requests that the Court enter an Order declaring the rights and interests of the parties in Burger Detour, LLC and Number Four, LLC, plus pre-judgment interest, post-judgment interest, attorneys' fees as allowed by law, and the costs of this action.

**SIXTH CAUSE OF ACTION**

**CONVERSION**

46. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

47. Plaintiff has paid over $2,000,000 in cash to McMahon personally for the purported operation of the Burger Detour stores.

48. To date, McMahon has not provided any evidence that this money was used for operation of the Burger Detour stores.

49. McMahon has and continues to retain possession of these funds to the detriment of Plaintiff.

WHEREFORE, for the reasons set forth above, Plaintiff requests that the Court enter an Order of judgment against Chad McMahon in favor of Plaintiff in an amount to be proven at trial, plus pre-judgment interest, post-judgment interest, attorneys' fees as allowed by law, and the costs of this action.

Dated this 11th day of June, 2025.

JOSEPH FINOCCHIARO, Plaintiff,

By: */s/ Kristopher J. Covi*

Kristopher J. Covi, #21462
Jonathan R. Tilden, #28227
Dvorak Law Group, LLC
9500 W. Dodge Rd., Ste. 100
Omaha, NE 68114
402-934-4770
402-933-9630 (facsimile)
kcovi@ddlawgroup.com
jtilden@ddlawgroup.com

Attorneys for Plaintiff.